IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN MADRID,

    Plaintiff,

v.

CITY OF OAKLAND, ET AL.,

    Defendants.

No. C 09-04819 JSW

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT**

    Now before the Court are: (1) the motion for summary judgment filed by Defendants County of Alameda, Sheriff Gregory Ahern and Deputy Probation Officer Dalen Randa ("County Defendants") and (2) the motion for summary judgment filed by Defendants City of Oakland and Howard Jordan ("City Defendants"). The Court finds these matters appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 17, 2010 is HEREBY VACATED. Having carefully considered the parties' arguments, the relevant legal authority, the Court hereby GRANTS Defendants' motions for summary judgment.

**BACKGROUND**

    According to the complaint in this matter, on April 15, 2009 at approximately 4:00 p.m., Plaintiff Jonathon Madrid was asleep in his apartment at 20938 Locust Street, Apartment 3 in Hayward, California when several Oakland police officers and the Alameda County Sheriff's Deputies entered his apartment, led by Alameda County Probation Officer Dalen Randa. (Compl. at ¶¶ 3-4.) The undisputed facts indicate that the Oakland police officers and

Probation Officer Randa went to the Hayward apartment to arrest another individual, Plaintiff's brother-in-law Roman Gonzales, a known Border Brothers gang member, who had repeatedly failed to report to his probation officer. (Declaration of Robert Rosin ("Rosin Decl."), at ¶ 2.) Gonzales' probation officer Randa had the apartment listed as Gonzales' last known address and had briefed the police officers about the probation offense and had passed around a photograph of the suspect to make sure everyone knew what Gonzales looked like. (*Id.* at ¶¶ 3, 6.)

Plaintiff alleges that the officers and Randa entered the apartment and then entered Plaintiff's room, pulled him from the bed where he slept, battered him with their fists, kicked him and stepped on him. (Compl. at ¶ 15.) After the battery, Plaintiff alleges that the officers recognized that he was not the person they sought and released him and left the apartment. (*Id.* at ¶ 17.) Plaintiff alleges that Defendants' actions caused him personal injury including severe emotional distress, pain and suffering, as well as severe back injuries which have disabled him and prevented him from continuing to work. (*Id.* at ¶ 18.)

Plaintiff alleges three causes of action against: (1) all defendants for unreasonable use of force in effecting the arrest/detention under the Fourth and Fourteenth Amendments under 42 U.S.C. section 1983; (2) City Defendants for failure to train, supervise and discipline police officers pursuant to a *Monell* claim under 42 U.S.C. section 1983; and (3) County Defendants for failure to train, supervise and discipline Sheriff's personnel pursuant to a *Monell* claim under 42 U.S.C. section 1983.[1]

The Court will address the additional specific facts as required in the analysis.

## ANALYSIS

**A.      Standard Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).

---

[1] In the opposition to the motions for summary judgment, Plaintiff concedes he has no evidence to support his *Monell* claims and consents to the dismissal of his second and third causes of action. These causes of action and both the County and the City of Oakland, as well as Defendants Chief of Police Jordan and Sheriff Ahern are, accordingly, dismissed without further analysis.

2

1    Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and
2    admissions on file, together with the affidavits, if any, show that there is no genuine issue as to
3    any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.
4    Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the
5    evidence or make credibility determinations, and is required to draw all inferences in a light
6    most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.
7    1997).

8    The party moving for summary judgment bears the initial burden of identifying those
9    portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine
10   issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is
11   sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v.
12   Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the
13   outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the
14   ultimate burden of persuasion at trial, that party must produce evidence which either negates an
15   essential element of the non-moving party's claims or that party must show that the non-moving
16   party does not have enough evidence of an essential element to carry its ultimate burden of
17   persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir.
18   2000). Once the moving party meets its initial burden, the non-moving party must go beyond
19   the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine
20   issue for trial." Fed. R. Civ. P. 56(e).

21   In order to make this showing, the non-moving party must "identify with reasonable
22   particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,
23   1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact
24   must take care adequately to point the court to the evidence precluding summary judgment
25   because a court is "'not required to comb the record to find some reason to deny a motion for
26   summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th
27   Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418
28

3

1  (9th Cir. 1988)).  If the non-moving party fails to point to evidence precluding summary

2  judgment, the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323.

3  **B.     Unreasonable use of Force in Effecting Arrest or Detention.**

4     The only remaining claim in this action is the first cause of action for violation of
Plaintiff's Fourth and Fourteenth Amendment rights under 42 U.S.C. section 1983 for
unreasonable use of force in effecting his arrest or detention.  Although Plaintiff apparently
includes all listed defendants in this first cause of action, he fails to identify any of the specific
individual Oakland police officers involved in the incident.[2]

9     The complaint in this matter is poorly drafted and remarkably brief.  In the complaint,
Plaintiff does not allege that the probation search itself was unreasonable or constituted a
violation of his civil rights.  Regardless, it is clear that officers did not require any particular
level of suspicion in order to conduct a probation or parole search.  *See People v. Turner*, 54
Cal. App. 3d 500, 507 (1976) ("Unexpected, unprovoked [probation] searches are permitted,
since they are reasonably calculated to monitor the probationer's compliance with the law.").
The undisputed facts indicate that the Hayward apartment was the last-known address provided
by the parolee to Randa and the Oakland police officers could reasonably rely on the probation
officer's information.  *See United States v. Hensley*, 469 U.S. 221, 232 (1985) (holding that
reliance on another law enforcement agency's reasonable suspicion for search was justified).  In
addition, although there is some argument in the briefing about whether the officers knocked
and announced their presence, there is no cause of action in the complaint alleging an
unconstitutional execution of the search.  Rather, Plaintiff only claims that his civil rights were
violated by the alleged unreasonable use of force.

23    It is clear that officers may constitutionally detain the occupants of a home during a
parole or probation compliance search.  *See, e.g., Sanchez v. Canales*, 574 F.3d 1169, 1173 (9th

---

[2] Although Plaintiff received the names of the officers involved in April 2009, Plaintiff failed to substitute the individuals in for the Doe defendants until after the deadline and has therefore subsequently filed a separate and related civil rights action against the individual police officers in a new case also currently pending before this Court, *Madrid v. Martin, et al.*, Case no. CV 10-5015 JSW ("*Madrid II*").  Accordingly, the Doe Defendants in this matter are dismissed.

Cir. 2009) (citing *Muehler v. Mena*, 544 U.S. 93 (2005)).  However, in the process of executing the warrant, albeit on the wrong individual, there is sufficient dispute of material fact regarding whether the police officers acted with excessive or unreasonable force in violation of 42 U.S.C. § 1983.

A law officer has the right to use such force as is necessary to effectuate a detention under the circumstances. *See Graham v. Conner*, 490 U.S. 386, 396-97 (1989).  The Ninth Circuit has held that although reasonableness is normally a jury question, "defendants can still win on summary judgment if the district court concludes after resolving all facts in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances." *Alexander v. County of Los Angeles,* 64 F.3d 1315, 1322 (9th Cir. 1995) (citing *Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir.1994); *see also Graham v. Connor,* 490 U.S. 386, 396-97 (1989)).  The reasonableness of the particular use of force must be judged from the perspective of a reasonable officer on the scene. *Graham*, 490 U.S. at 396.  The reasonableness inquiry is objective, however, asking "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.  When determining whether the amount of force used was reasonable, the Court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Johnson v. County of Los Angeles*, 340 F.3d 787, 792 (9th Cir. 2003) (citing *Graham*, 490 U.S. at 396).  The Court must consider whether the "'totality of the circumstances' justifies the force used, examining particularly severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396, quoting *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985).  Further, "where it is or should be apparent to the officers that the individual involved is emotionally disturbed, that is a factor that must be considered in determining ... the reasonableness of the force employed." *Deorle v. Rutherford*, 272 F.3d 1272, 1283 (9th Cir. 2001).  Although officers "are not required to use the least intrusive degree of force possible," *see Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994), in some cases, "the availability of

alternative methods of capturing or subduing a suspect may be a factor to consider." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005). Finally, the reasonableness of the particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Graham*, 490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)).

Upon reviewing the record in this case, the Court concludes that, based on the current record, it would not be able to grant summary judgment on Plaintiff's first cause of action for unreasonable use of force in violation of 42 U.S.C. section 1983 against the individual officers, should they have been sued in this case.[3] Plaintiff testified that the officers forced their way into his home, kicked open his rear bedroom door, approached him with guns drawn, forcibly dragged him out of bed where he was sleeping, threw him on the floor, and then punched, kicked and clubbed him while he lay face down defenseless on the floor, laughing at him while he urinated on himself. (Declaration of Steven Yourke, Ex. 1 (Madrid deposition) at 84:5-90:23; 119:18-25; 164:8-166:21; 196:17-19.)[4] The testifying officers dispute this account and testify that the use of force was reasonable under the circumstances to subdue the resisting suspect whom they feared might have been armed and dangerous. However, the Court cannot adjudicate that the use of force was reasonable as a matter of law, viewing the facts in the light most favorable to the Plaintiff. Therefore, summary judgment is GRANTED as to the City Defendants who appear in this matter, but would not be granted on this record as to the individual police officers who appear only in *Madrid II*.

---

[3] Again, the Court notes that the individual officers appear in *Madrid II* which is set for a case management conference on February 18, 2011 at 1:30 p.m. Counsel shall be prepared to discuss the scope of *Madrid II* and whether that case may proceed at all. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (holding that "the fact that plaintiff was denied leave to amend does not give [him] the right to file a second lawsuit based on the same facts.") If the related case may proceed, the parties shall address whether there is any need for further discovery and the resolution of that matter on an expedited basis.

[4] Defendants object to the submission of this evidence as it was submitted late and on the alternative basis that Plaintiff has not filed suit against any particular officer in this matter and defendant Randa had no part in the exercise of force by the police. (*See* Defendants' Objections to Evidence at 2, 4.) Plaintiff's submission of evidence was indeed late, apparently caused by counsel's difficulty scanning documents. Should Plaintiff's counsel submit unexcused late filings in the future without permission, they shall be struck.

Further, the County argues that Probation Officer Randa is entitled to qualified immunity for his conduct by watching the forcible detention of the wrong suspect in his bedroom without interfering. Should the individual police officers be eventually held liable for their conduct, the Court would still necessarily dismiss Randa from this matter. There is no factual dispute that Randa was present for some part of the forcible detention, but did not participate in it. (Declaration of Kandis A. Westmore, Ex. A (Randa deposition) at 93:2-23.) Plaintiff's claim of Randa's individual liability is based upon his failure to intervene. (*See* Opp. Br. at 3.) Police officers have an affirmative duty to intervene to protect those in custody from constitutional abuses by their fellow officers. *See United States v. Reese,* 2 F.3d 870, 887-88 (9th Cir. 1993). However, such a duty is not triggered by an officer's mere presence at the scene of the constitutional violation. Instead, the defendant's failure to intervene must have caused the plaintiff's injuries. *See Ting v. United States,* 927 F.2d 1504, 1511 (9th Cir. 1991) (holding that bystander agents "may be held liable only if they personally deprived [the plaintiff] of a constitutional right by failing to perform an act which they were legally required to do which was the cause in fact of [the plaintiff's] injuries."). The undisputed record indicates that Randa did not fail to perform any act he was legally required to do or that his action (or inaction) was the cause in fact of Plaintiff's injuries here. Accordingly, the Court GRANTS summary judgment as to individual defendant Deputy Officer Dalen Randa.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions for summary judgment. A separate judgment shall issue. The Court shall address the remainder, if any, of the related matter, *Madrid II*, in the case management conference set for February 18, 2011.

**IT IS SO ORDERED.**

Dated: December 9, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7